IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:16-CV-182-FL

| | |
|---|---|
| ATLANTIC COAST MARINE GROUP, INC. d/b/a/ TOWBOAT US BEAUFORT and LEE SYKES, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| ZACHARY WILLIS and CORBETT JOHNSON, Individually, and d/b/a/ REELAX FISHING CHARTERS, SALVATORE CATAPAO and BLUE WATER MARINE, INC. D/b/a/ SEA TOW CRYSTA COAST and individual JOHN DOES, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

ORDER

This matter is before the court on plaintiffs' motion to remand this action to the Superior Court of Carteret County, North Carolina pursuant to 28 U.S.C. § 1447(c). (DE 22). The issues raised have been briefed fully and, in this posture, are ripe for ruling. For the reasons that follow, plaintiffs' motion to remand is granted.

**BACKGROUND**

Plaintiffs and defendants are citizens of North Carolina, and each is engaged in the business of boat towing and marine salvage. (Def.'s Br., DE 26, 2). On July 28, 2015, plaintiffs filed a complaint in the Superior Court for Carteret County, North Carolina alleging that defendants engaged in acts of defamation when defendants expressed negative opinions about plaintiffs' competency and experience on an internet boating forum and on a radio station that boaters use for

maritime purposes. (Compl., DE 1 Ex. A, 2–6). On May 31, 2016, plaintiffs filed an amended complaint adding two defendants an additional claim for relief. (Am. Compl., DE 1 Ex. H, 1–6). On June 28, 2016, defendants filed with this court a notice of removal pursuant to 28 U.S.C. § 1441 based upon admiralty jurisdiction. (DE 1). On July 20, 2016, plaintiffs filed the instant motion to remand (DE 22). In support of remand, plaintiffs argue that the "saving-to-suitors" clause of 28 U.S.C. § 1333(1) entitles plaintiffs to have their case heard in state court, or, in the alternative, that plaintiffs' defamation claims are not within the scope of federal admiralty jurisdiction.

**COURT'S DISCUSSION**

A.   Removal and Remand

A civil action which is brought in state court, but over which federal courts have original jurisdiction, may be removed by a defendant to the federal district court embracing the place where the action is pending. 28 U.S.C. § 1441(a). "Because removal jurisdiction raises significant federalism concerns, [federal courts] must strictly construe removal jurisdiction. If federal jurisdiction is doubtful, a remand is necessary." Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994) (internal citations omitted). This presumption against removal jurisdiction places the "burden of establishing federal jurisdiction . . . upon the party seeking removal." Id.

28 U.S.C. § 1333 confers original jurisdiction upon the federal district courts to adjudicate admiralty and maritime cases. It provides:

> The district courts shall have original jurisdiction, exclusive of the courts of the States, of:
> (1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are entitled .

2

28 U.S.C. 1331(1). In this manner, the "saving-to-suitors" clause of § 1333(1) preserves a plaintiff's right to a common law remedy "in all cases where the common law is competent to give it." Leon v. Galceran, 78 U.S. 185, 191 (1870); see In re Lockheed Martin Corp., 503 F.3d 351, 354 (4th Cir. 2007). The common law is "competent" in admiralty cases proceeding in personam but not those proceeding in rem. Madruga v. Superior Court of California, 346 U.S. 556, 560–61 (1954). Thus, "while federal courts have exclusive jurisdiction over in rem actions, federal and state courts have concurrent jurisdiction over in personam actions, and the effect of the [saving-to-suitors] clause is to give an in personam plaintiff the choice of proceeding in an ordinary civil action, rather than bring a libel in admiralty." Lockheed at 354. Accordingly, the saving-to-suitors clause gives a maritime plaintiff the option to pursue in personam claims in federal court as maritime claims, in state court as legal claims, or in federal court as legal claims if an independent basis for federal court jurisdiction exists. Id. at 356.

> The general removal statute, 28 U.S.C. § 1441(a), states:
>
> "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

(emphasis added). The saving-to-suitors clause constitutes an express limitation on defendants' statutory right of removal under § 1441. Compare 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States), with 28 U.S.C. § 1333 ("The district courts shall have original jurisdiction, exclusive of the States, of: (1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled.") (emphasis added); see A.E.A. ex rel.

3

Angelopoulos v. Volvo Penta of the Americas, 77 F. Supp. 3d 481, 491 (E.D.V.A. 2015) (holding that that the saving-to-suitors clause bars removal under the current version of § 1441); see also Romero v. International Terminal Operating Co., 358 U.S. 354, 370–71 (1959) (holding that the saving-to-suitors clause preserves "the historic option of a maritime suitor pursuing a common-law remedy to select his forum, state or federal . . ."). Thus, where a plaintiff has chosen to file an in personam action in state court, the saving-to-suitors clause prevents removal of the matter to federal court.

Defendants argue that Congress abrogated the traditional rule prohibiting removal of savings clause actions when it amended the general removal statute, 28 U.S.C. § 1441, in 2011. (Pl.'s Br., DE 26, 14). Before Congress passed the Federal Courts Jurisdiction and Venue Clarification Act of 2011, the general removal statute stated the following:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b) (2006). Under the first sentence, a defendant was permitted to remove a civil action from state to federal court on the basis of federal question jurisdiction even if the defendant was a citizen of the forum state. Id.; Romero 358 U.S. at 371–72 (distinguishing admiralty from federal question jurisdiction and holding that admiralty cases are not subject to removal under the general removal statute). However, in "other" (non-federal question) actions, removal was prohibited if the defendant seeking removal was a citizen of the forum state (the "forum defendant rule"). Id.

In 2011, Congress revised § 1441 to read:

4

> (b)(2) A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parities in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

Federal Courts Jurisdiction and Venue Clarification Act of 2011, § 103, Pub. L. No. 112–63, 125 Stat. 759. The main difference between the former removal statute and its revised counterpart is the wording of the forum defendant rule. Specifically, where the former statute arguably directed courts to apply the forum defendant rule whenever the defendant grounded its notice of removal in any form of federal jurisdiction "other" than federal question jurisdiction, the new statute clarifies that the forum defendant rule applies to only diversity actions pursuant to § 1332(a). Consequently, defendants argue, because Congress narrowed the language of the forum defendant rule to apply to only diversity actions rather than all "other" non-federal question actions, removal based on admiralty jurisdiction is no longer barred by the forum-defendant rule. (Pl.'s Br., DE 26, 15)

Defendants' argument is misguided for several reasons. First, as noted above, the text of the current removal statute does not support the defendants' position. Second, defendants' argument is inconsistent with the Court's reasoning in Romero. Specifically, in rejecting the defendant's argument that maritime cases are removable to federal court as a matter of federal question jurisdiction, the Court reasoned that a contrary result would "make considerable inroads into the traditionally exercised concurrent jurisdiction of the state courts in admiralty matters—a jurisdiction which it was the unquestioned aim of the saving clause of 1789 to preserve." Romero at 372. Here, defendants' position that, after 2011, maritime cases are removable as a matter of admiralty jurisdiction commits the same error. That is, the contention that savings clause actions are removable, whether as a matter of federal question or admiralty jurisdiction, must ignore Congress's

5

"unquestioned aim" of preserving "the traditionally exercised concurrent jurisdiction of the state courts in admiralty matters." See id.

Finally, the legislative history of the 2011 amendment to § 1441 discloses that Congress did not intend to effect a jurisdictional change in maritime law. "Under established canons of statutory construction, it will not be inferred that Congress, in revising and consolidating the laws, intended to change their effect unless such intention is clearly expressed." Ngiraingas v. Sanchez, 495 U.S. 182, 200 (internal quotations omitted) (emphasis added). Here, the legislative record discloses that Congress amended § 1441 to increase clarity, not to expand federal courts' removal jurisdiction in maritime matters. See H.R. Rep. No. 112-10, at 1 ("The 'Federal Courts Jurisdiction and Venue Clarification Act of 2011' brings more clarity to the operation of Federal jurisdictional statutes . . . ."). In fact, the House Committee on the Judiciary noted in its report that the 2011 amendments did effect a change that applies to admiralty cases in an unrelated context, see H.R. Rep. 112-10 at 17, but no discussion of admiralty jurisdiction exists in the legislative history regarding removal, id. at 12–16. On the contrary, the section of the House Report that discusses changes to the removal statute specifically states that the new version of § 1441 "takes the substance of the last sentence in [the pre-2011] subsection 1441(a) and places it within the diversity subsection, as the sentence moved pertains only to diversity cases." Id. at 12 (emphasis added). The House Committee's affirmative statement that the current version of § 1441(b)(2) "pertains only to diversity cases" should be taken at face value—admiralty jurisdiction is not involved.

For the foregoing reasons, there is sufficient doubt regarding the court's jurisdiction to merit remand. See Mulcahey, 29 F.3d at 151. Because plaintiff is entitled to remand on this basis, the

6

court does not reach plaintiffs' contention that defamation as alleged in this case falls outside the court's admiralty jurisdiction.

## CONCLUSION

Based upon the foregoing, plaintiff's motion is GRANTED. This matter is hereby REMANDED to the Superior Court of Carteret County, for further proceedings. The clerk is DIRECTED to deliver a certified copy of this court's order, together with a copy of the court's final judgment, via U.S. Mail to the Carteret County Clerk of Superior Court and then CLOSE this case.

SO ORDERED, this the 28th day of September, 2016.

_____
LOUISE W. FLANAGAN
United States District Judge